# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 3, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**John S.,**
**Petitioner Below, Petitioner**

**vs)  No. 18-0615** (Roane County 15-C-46)

**Karen Pszczolkowski, Superintendent,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner John S.,[1] pro se, appeals the April 30, 2018, order of the Circuit Court of Roane County denying his petition for a writ of habeas corpus. Respondent Karen Pszczolkowski, Superintendent, Northern Correctional Facility,[2] by counsel Holly M. Flanigan, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal.[3] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

[3]Petitioner's appendix was comprised only of the circuit court's April 30, 2018, order. On October 15, 2018, respondent filed a motion to supplement the record with petitioner's amended habeas petition, its accompanying memorandum of law, and respondent's answer thereto. We hereby grant respondent's motion with regard to the amended habeas petition, its accompanying memorandum of law, and respondent's answer and order that they are now part of the appellate record. However, we deny respondent's motion to the extent that it seeks to supplement the

(continued . . .)

1

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was charged with sexually molesting his minor stepdaughters, C.L. and S.W. The grand jury indicted petitioner on three counts of sexual abuse by a parent, guardian, or custodian as to C.L. and three counts of sexual abuse by a parent, guardian, or custodian as to S.W. Following a jury trial, petitioner was convicted on all six counts charged in the indictment. The circuit court imposed a combination of concurrent and consecutive sentences upon petitioner, and he received an aggregate term of thirty to sixty years of incarceration with a $30,000 fine and fifty years of supervised release. Petitioner appealed his convictions in *State v. [John S.]*, No. 12-0191, 2013 WL 949524 (W.Va. Mar. 12, 2013) (memorandum decision). In *[John S.]*, this Court rejected petitioner's argument that the circuit court erroneously admitted his confession into evidence and improperly admitted evidence pursuant to Rule 404(b) of the West Virginia Rules of Evidence and affirmed his convictions. *Id.* at *1-2.

On October 2, 2015, petitioner filed a petition for a writ of habeas corpus. By order entered October 9, 2015, the circuit court appointed an attorney to represent petitioner in the habeas action. Habeas counsel filed an amended petition on September 21, 2017. In the amended petition, petitioner argued that (1) trial counsel was ineffective; (2) petitioner's confession was coerced; and (3) petitioner's father's testimony was erroneously ruled inadmissible under the collateral issue doctrine. Respondent filed an answer to the amended petition on January 12, 2018. On April 30, 2018, the circuit court entered a comprehensive order finding that none of petitioner's grounds necessitated an evidentiary hearing and denying habeas relief.

It is from the circuit court's April 30, 2018, order that petitioner now appeals. In Syllabus Points 1 and 3 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

---

record with this Court's memorandum decision in petitioner's prior case, *State v. [John S.]*, No. 12-0191, 2013 WL 949524 (W.Va. Mar. 12, 2013). Rather, we take judicial notice of petitioner's criminal case. We further note that petitioner's original October 2, 2015, habeas petition is not in the appellate record. Pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, "[petitioner's] argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal" and we "may disregard errors that are not adequately supported by specific references to the record on appeal." Furthermore, in *State v. Honaker*, 193 W. Va. 51, 454 S.E.2d 96 (1994), we stated that we "take as nonexisting all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim." *Id.* at 56 n.4, 454 S.E.2d at 101 n.4.

1.     "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

. . . .

3.     "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

On appeal, petitioner raises issues that have been previously and finally adjudicated and/or waived. We find that, in its April 30, 2017, order, the circuit court mistakenly described petitioner's criminal appeal as being refused without an adjudication on the merits. We note that Rule 21(a) of the West Virginia Rules of Appellate Procedure provides that "a memorandum decision address[es] the merits of the case." *See In Re: T.O.*, 238 W. Va. 455, 464, 796 S.E.2d 564, 573 (2017); *State v. McKinley*, 234 W. Va. 143, 151, 764 S.E.2d 303, 311 (2014). Accordingly, we conclude that petitioner is precluded from arguing that (1) the circuit court erroneously admitted his confession into evidence and (2) improperly admitted evidence pursuant to Rule 404(b) because we rejected those issues in *[John S.]*.[4]

We further find that petitioner waived the admissibility of his father's testimony because he failed to raise that issue in *[John S.]*. Under the West Virginia Post-Conviction Habeas Corpus Act, W. Va. Code §§ 53-4A-1 to -11, "the burden of proof rests on petitioner to rebut the presumption that he intelligently and knowingly waived any contention or ground for relief which theretofore he could have advanced on direct appeal." Syl. Pt. 2, *Ford v. Coiner*, 156 W.Va. 362, 196 S.E.2d 91 (1972). Here, petitioner could have raised the admissibility of his father's testimony in his criminal appeal given that it was previously raised before the circuit court both at trial and in a post-conviction motion for a new trial that included the argument that the court erred in ruling his father's testimony inadmissible. Therefore, based on our review of the record, we conclude that petitioner fails to rebut the presumption that he intelligently and knowingly waived this issue by failing to raise it in his criminal appeal.

---

[4]We note that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965).

The sole remaining issue raised by petitioner is that he did not receive effective assistance of trial counsel.[5] In Syllabus Points 5 and 6 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), we held:

> 5.    In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

> 6.    In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

"Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W.Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

Petitioner argues that the circuit court should have allowed him to develop the record regarding his ineffective assistance claim at an evidentiary hearing. In Syllabus Point 3 of *Legursky*, we held:

> The fulcrum for any ineffective assistance of counsel claim is the adequacy of counsel's investigation. Although there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and judicial scrutiny of counsel's performance must be highly deferential, counsel must at a minimum conduct a reasonable investigation enabling him or her to make informed decisions about how best to represent

---

[5]We note that while petitioner argues for the first time that he had a potential alibi defense to the crimes for which he has been convicted, he failed to raise this argument before the circuit court. Accordingly, we decline to address petitioner's argument that he had an alibi defense. Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance").

criminal clients. Thus, the presumption is simply inappropriate if counsel's strategic decisions are made after an inadequate investigation.

195 W. Va. at 317, 465 S.E.2d 421.

Respondent argues that, on the record before us, petitioner's ineffective assistance claim did not necessitate a hearing. We agree with respondent. In *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997), we directed the circuit court to hold a hearing on a habeas petitioner's ineffective assistance of trial counsel claim. *Id.* at 205, 488 S.E.2d at 480. However, we indicated that a hearing might not have been ordered if the circuit court had made findings adequate to show that petitioner's claim would have failed under the applicable *Strickland/Miller* standard, stating that "[i]f that was the court's reasoning, it should have been included in the order[.]" *Id.* at 204, 488 S.E.2d at 479.

Here, the circuit court first found that petitioner's trial attorney conducted an adequate investigation and, accordingly, that the attorney's strategic decisions had a sufficient basis in the record. While petitioner challenges these findings, he concedes that trial counsel filed (1) a motion to have petitioner's competency determined with regard to his capacity to stand trial and his criminal responsibility; (2) a list setting forth the names and addresses of the witnesses petitioner intended to present at trial; and (3) a motion to suppress his confession, which caused the circuit court to address "the voluntariness of petitioner's statement in a pre-trial hearing and on the morning of trial." *[John S.]*, 2013 WL 949524, at *1. We find that trial counsel could not have engaged in such pretrial activities without adequate preparation and investigation into petitioner's case. Therefore, based on our review of the record, we conclude that trial counsel's decisions not to hire a private investigator, not to request co-counsel or associate with another attorney for the case, and to defer the defense's opening statement until the close of the State's case-in-chief were all strategic decisions not subject to second-guessing or review in hindsight.

Second, the circuit court found that other of petitioner's allegations of ineffective assistance were without merit on the face of the record. As we noted in *Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981), making an allegation "without detailed factual support does not justify . . . the holding of a hearing." Contrary to petitioner's assertion that his trial attorney was distracted by her campaign to be elected Roane County Prosecuting Attorney, the circuit court found that the attorney did not become a candidate for that office "until January 28, 2012, while [p]etitioner's trial . . . concluded on September 21, 2011." Also, the record fails to support petitioner's allegation that trial counsel had a health problem that hindered her performance or that, if counsel's performance was deficient in some way, the outcome of the trial would have been different. While petitioner argues that the minor victims' testimony was not credible, that determination was for the jury to make pursuant to Syllabus Point 3 of *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). Indeed, the jury resolved the issue in the State's favor and found petitioner guilty beyond a reasonable doubt. We further note that petitioner makes no claim that the evidence was insufficient to convict him. Similarly, although petitioner argues that substitute counsel represented him at his sentencing hearing, he fails to show that his regular attorney's appearance at the hearing would have changed the outcome. Based on our review of the record, we find that petitioner's sentencing hearing was favorable to

him because the circuit court ordered certain of his sentences concurrent rather than consecutive. Therefore, we conclude that the circuit court did not err in finding that none of petitioner's alleged grounds necessitated an evidentiary hearing and did not abuse its discretion in denying petitioner's amended habeas petition.

For the foregoing reasons, we affirm the circuit court's April 30, 2018, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: September 3, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison